Bryan *et al.*, *vs.* Doolittle.

ROBERT C. BRYAN, *et al.*, executors, plaintiffs in error, *vs.* ZENA DOOLITTLE, defendant in error.

When a *feme sole* gave her note for fifty dollars, and afterwards married in 1862, before the adoption of the Code, her husband receiving through the wife property more than sufficient to pay the debt, and the husband died before any judgment was obtained against him for the debt of the wife:

*Held*, That as the parties were married before the adoption of the Code, the husband was liable for the debts of his wife *only* to the extent of the property received through her, when judgment was recovered against him therefor *during the coverture*. The will was competent evidence for the purpose of shewing, that the parties were married prior to the adoption of the Code in 1863, as it was dated 31st July, 1862, and recognized therein the maker of the note to be his wife at *that time*.

Complaint. Liability of husband for wife's debt. Decided by Judge COLE. Houston Superior Court. February Term, 1868.

This was complaint in favor of Zena Doolittle, brought in July, 1866, against Robert C. Bryan and Joseph W. Wimberly, as executors of Dempsey Brown, deceased, upon the following promissory note:

"One day after date, I promise to pay Zena Doolittle or bearer fifty dollars, value received, January 1st, 1861.          F. MIMS."

The plaintiff's attorney read in evidence said note, shewed by a witness that the maker was a widow at the date of the

note, and that, afterwards, in 1862 or 1863, she married said Brown; that, at the date of the marriage, she possessed property, real and personal, including an house and lot in Perry, Houston county, Georgia, and several slaves, which, it was understood, went into Brown's possession; that, in the summer or fall of 1864, Brown died, and in the latter part of 1865 his widow died. It was admitted that Brown received a sufficiency of property from his said wife to pay said note.

The defendants' attorney offered to read in evidence a certified copy of the last will and testament of said Brown, dated 31st of July, 1862, the third item of which was as follows: "I give and bequeath to my beloved wife, Sarah A. F. Brown, to have and to hold forever, the following property, to wit:—(Certain slaves, naming them), which slaves I acquired by my marriage to my said wife, and my house and lot in the town of Perry, in said county, which house and lot I also acquired by my marriage, and my horses and carriage, all the household and kitchen furniture that I acquired by my marriage to my said wife, and also five thousand dollars in cash: all of which said property and cash I give to my said wife *in lieu* of, and in the place of, her dower in and to all the lands I may own at the time of my death," and a receipt, dated the 17th January, 1865, by which Mrs. S. A. F. Brown acknowledged that she had received from the executors the said bequeathed property. Plaintiff's attorney objected to said testimony upon the ground of irrelevancy. The Court rejected this testimony. None other was offered. It was conceded that Mrs. Brown and F. Mims were the same person. The Court charged the jury that Brown was bound for the payment of the debts of his wife, existing at the date of their marriage, to the extent of the property received by him from her, and that no subsequent disposition of that property, by will or otherwise, to her or to another, relieved him, or his estate after his death, from said obligation, even though both he and she died before they were sued on said debts.

The verdict was for $50 00 and interest, against the defendants. The defendants' attorney says that the Court erred in ruling out the testimony offered, and in charging the jury as he did.

S. D. KILLEN, (represented by the Reporter,) relied on *Nicholson and wife vs. McWhorter & Wilborn*, 13 *Ga. R.*, 467, and said that no change in the law *after* the marriage could affect this case, (if there was any such change,) and therefore the will was admissible to show when they married.

C. C. DUNCAN, for defendant in error, did not reply.

WARNER, J.

There are two questions presented by the record in this case for our consideration and judgment. First, as to the liability of the husband for the debt of his wife. Second, the rejection of the will when offered in evidence by the defendant, in the Court below. We will consider the rejection of the evidence offered first. In our judgment, the will offered in evidence should have been admitted, for the purpose of showing that the parties were married *prior* to the 1st of January, 1863, the time when the Code was adopted. The witness who testified as to the *time* of the marriage, says, the parties were married in 1862 *or* 1863. The will is dated 31st of July, 1862, in which the maker of the note is recognized as the wife of Brown at *that time*. By the common law, the husband is not liable to pay the debts of the wife contracted by her before marriage, unless judgment was obtained against him therefor *during the coverture*; 2 Kent's Com., 145; *Nicholson and wife vs. McWhorter & Wilborn*, 13 *Ga. R.*, 470. The Act of 1856 *restricts* the liability of the husband for the debts of the wife, to the amount of the property received through her, but does not *further* interfere with the common law rule of liability. If the debt is not reduced to judgment against the husband during the coverture, he would not be liable, even to the *extent* of the property received

through her; but in no event, *beyond* that amount. The Act of 1856 only defines the *extent* of the husband's liability when sued for his wife's debts, according to the law as it then existed. The Old Code goes further, in the latter part of the 1701st section, and declares, that "the property received through the wife *shall be liable* for the payment thereof." That Code, however, did not take effect until the first day of January, 1863, so that the law was just as the Act of 1856 left it, in regard to the liability of the husband for the debts of the wife, contracted by her before marriage. See Revised Code, sec. 2. The husband, in this case, only assumed such liability for the debts of his wife, as the law imposed on him *at the time* of his marriage, which was in 1862, *before* the adoption of the Code. As the law then existed, in 1862, the husband was liable for the debts of his wife to the *extent* of the property received through her, when judgment was recovered against him therefor, *during the coverture;* but as no judgment was recovered against the husband in this case, for the debt of his wife, contracted before marriage, *during the coverture,* his estate is not liable to pay it, although he may have received property through his wife, sufficient for that purpose. Under the common law rule, it made no difference whether the husband received property through his wife or not; if his liability was not fixed by a judgment *during the coverture,* he was not bound, in law, to pay the debt.

Let the judgment of the Court below be reversed.